### UNITED STATES v. PARK & TILFORD.

(Circuit Court, S. D. New York. December 29, 1905.)

#### No. 4,075.

CUSTOMS DUTIES—UNUSUAL COVERINGS—CUMULATIVE DUTY.

In construing the provision in Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], that the dutiable value of goods subject to an ad valorem rate of duty shall include "the value of all  *  *  *  coverings of any kind," and that on unusual coverings "additional duty shall be levied  *  *  *  at the rate to which the same would be subjected if separately imported," held, that this does not contemplate the imposition of cumulative duties, and that, if the coverings are unusual, they are subject only to the latter provision, and their value should not be included in the dutiable value of their contents in addition.

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6111 (T. D. 26,608), reversed the assessment of duty by the collector of customs at the port of New York. The case involves the construction of Customs Administrative Act June 10, 1890, c. 407, § 19, 26 Stat. 139 [U. S. Comp. St. 1901, p. 1924], the pertinent part of which reads as follows:

"Sec. 19. That whenever imported merchandise is subject to an ad valorem rate of duty,  *  *  *  the duty shall be assessed upon the actual market value or wholesale price of such merchandise  *  *  *  including the value of all cartons, cases, crates, boxes, sacks, and coverings of any kind,  *  *  * and if there be used for covering or holding imported merchandise, whether dutiable or free, any unusual article or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duty shall be levied and collected upon such material or article at the rate to which the same would be subject if separately imported."

The opinions filed by the board read as follows:

"HAY, General Appraiser. These cases raise the question of the government's right to assess cumulative duty under section 19 of the customs administrative act of June 10, 1890, upon unusual coverings in which imported merchandise is packed and shipped. The articles in question are boxes or cabinets containing cigars. The value of these cabinets was added to the value of the cigars by the appraiser, and upon this total value the proper duty upon cigars was assessed, and in addition thereto a duty of 35 per cent. ad valorem (the proper duty upon manufactures of wood) was assessed upon the cabinets. The importers, in their protests, admit the cabinets to be unusual coverings, but insist that they should only be assessed at 35 per cent. ad valorem, the same duty which they would bear if imported empty, separate and apart from the cigars, and that they should not be required to pay duty upon them as a part of the value of the cigars.

"The question thus presented is a difficult one, not only because section 19, literally construed, produces a condition repugnant to fair dealing in the administration of customs laws, but because such construction is in conflict

with the report of the committee of Congress in presenting to the House of Representatives the bill which, upon its enactment by Congress, became this act; and our task is not lightened by the fact that there are irreconcilable decisions of the board upon this subject. In the absence of express legislation all merchandise is entitled to free admission to our ports. In the wise exercise of its power Congress has from time to time placed a duty upon various enumerated articles of imported merchandise, in order to provide revenue for the government and to encourage the industries of the United States. From the formation of the government it has been the policy of Congress to so frame these laws as to render them the least possible burden to the citizen and uniform in their administration. It is true that from time to time we find in the various tariff laws provisions by which certain articles are made to bear cumulative duties. This, however, is the exception, and unless explicit language to that effect is used it will not be presumed that Congress so intended. U. S. v. Dickson, 73 Fed. 195, 19 C. C. A. 428.

"It is frequently difficult, by applying the ordinary rules that govern the construction of sentences, to determine the exact meaning of paragraphs of the tariff law. In section 19 it is first provided that the value of imported merchandise upon which duty is required to be assessed shall include the value of all cartons, cases, crates, boxes, sacks, and coverings of all kinds, which are the usual coverings known to the trade and customarily used for covering and transporting such goods. It is then declared that when there is used for covering or holding imported merchandise any unusual article or form, designed for use otherwise than the bona fide transportation of such merchandise, additional duty shall be levied and collected upon this covering at the rate to which the same would be subject if separately imported. Viewing this question without other light than the language used in the act, the construction placed upon the same by the board in Arnold & Company's Case, G. A. 4,926 (T. D. 23,056), would seem to be a fair and reasonable one. Viewing it, however, in the light of the similar provision in the former tariff laws, and the report of the committee on ways and means when submitting the act of June 10, 1890, to the House of Representatives, we think a different conclusion must be reached, and one more in harmony with a fair and equal administration of the customs laws. Under Act March 3, 1883, c. 121, 22 Stat. 488 [U. S. Comp. St. 1901, p. 2247], which was in force up to the enactment of the law now under consideration, packages, sacks, crates, and boxes, in which imported merchandise was packed, were not estimated as part of the value of such merchandise, but it was provided that 'if any packages, sacks, crates, boxes, coverings of any kind shall be of any material or form designed to evade duties thereon, or designed for use otherwise than in the bona fide transportation of goods to the United States, the same shall be subject to a duty of one hundred per centum ad valorem upon the actual value of the same.'

"The reason is given in the very paragraph itself for the high duty upon unusual coverings. It is intended as a penalty for an attempt to evade duties; but in section 19, which we now have under consideration, the words 'of any material or form designed to evade duties thereon' were omitted, and instead of the excessive duty of 100 per cent. ad valorem, which of itself indicates that it is of a penal nature, unusual coverings are to pay duty at the same rate to which they would be subject if separately imported. In reporting the bill to the House of Representatives, the ways and means committee in its report used the following language relative to the provision here under consideration: 'It omits also the penal duty of 100 per cent. in certain cases prescribed by section 7 of the act of 1883. In lieu thereof it subjects unusual coverings containing free goods or goods subject to a specific duty to the duty only to which such coverings would be liable if separately imported.' From this language it seems to us, in the light of the previous state of the law, that at least it was the intention of the committee that framed section 19 that unusual coverings should be subject to no other duty than that which would be imposed upon them if imported separate and apart from the merchandise which they contain. This is in consonance with fair ad-

ministration and was the view taken by the board in Alessi's Case, G. A. 5,405 (T. D. 24,622).

"We think, therefore, that section 19, when read in the light of previous legislation on the same subject and the report of the ways and means committee of the House of Representatives, contemplates that the value of unusual coverings should not be added to the per se value of the merchandise, as ordinary cartons and crates are, but that such unusual coverings should be assessed separately and duty collected thereon at the rate they would bear if not used to contain the merchandise. Arnold & Company's Case, G. A. 4,926 (T. D. 23,056), is therefore overruled. The protests are sustained, and the collector is directed to reliquidate the entries accordingly."

"SOMERVILLE, General Appraiser. The question presented in these cases is precisely analogous to that passed on by this board in Re Alessi, G. A. 5,405 (T. D. 24,622). In that case a new leather trunk had been imported containing silk merchandise. The collector, in liquidating the entry, included the value of the trunk as part of the market value of the merchandise, and in addition to this also assessed a duty of 35 per cent. ad valorem on the trunk, under paragraph 450 of the present tariff act of 1897, on the ground that it was an unusual covering for such merchandise. It was held that the trunk in question, being an unusual covering for such merchandise, was subject to no other duty than that provided in paragraph 450 of the tariff act of 1897 for manufactures of leather, just as if it were separately imported, and that the value of unusual coverings should not be included in the dutiable value of the merchandise contained therein. In my opinion, this view of the law is unquestionable, and its solution presents no great difficulties. The whole case rests upon the proper construction of section 19 of the customs administrative act of June 10, 1890. The rule is that a statute must be so construed, if possible, as to give some effect to every clause, and not to place one portion in antagonism to another; and a construction which leaves to a sentence or clause of the statute no field of operation should be avoided, if any other reasonable construction of the language can be given. For the reasons stated by the writer of this opinion in said decision of the board, I concur in the conclusion that the protests should be sustained, and that the value of the unusual coverings in these cases should not be included in the dutiable value of the merchandise under the provisions of section 19 of the customs administrative act of June 10, 1890.

"In the case of Arnold & Co., G. A. 4,926 (T. D. 23,056), referred to by my colleague, the coverings there under consideration were held to be the usual and ordinary coverings of the merchandise, and were assessed for duty at the rate applicable to their contents. There was a mere dictum in the opinion, which would seem to be contrary to the views expressed in this opinion; but the decision was not predicated on this proposition, and it would therefore seem to be unnecessary to overrule it, but only to disapprove of the dictum. The coverings in question having been held to be the usual coverings, it was entirely aside from the issues involved to go further and decide how they would have been dutiable in the event they had been held to be unusual coverings."

Henry A. Wise, Asst. U. S. Atty.

Edward Hartley, for importers.

HAZEL, District Judge. I concur in the decision of the Board of General Appraisers. So ordered.